UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AKASHA TANIA BARKER,

                    Plaintiff,

         -against-                                        20-CV-2006 (LLS)

WOMEN IN NEED, INC., *et al.*,                            ORDER TO AMEND

                    Defendants.

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act

(ADA); the Rehabilitation Act (RA); the Fair Housing Act (FHA); Title VI of the Civil Rights

Act (Title VI); the New York State and City Human Rights Laws; and the Health Insurance

Portability and Accountability Act (HIPAA). She alleges that Defendants discriminated against

her in her housing based on her gender identity. By order dated April 13, 2020, Chief Judge

Colleen McMahon granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a transgender post-operative woman, brings this complaint against various private and public individuals and entities. She alleges that from April 2016 to April 2019, Defendants discriminated against her while she lived at a shelter operated by Women in Need (WIN), a private organization. She names as defendants WIN; Diana Santos and Gustavo, WIN directors; St. Vincent St. Joseph Medical Center (St. Vincent); Yvonne McCaplain, St.

Vincent social worker; New York City Office of Mental Health (OMH); Brenda Bennett, OMH

manager; New York City Department of Homeless Services (DHS); and New York City Human

Resources Administration (HRA). She seeks money damages.

The following facts are taken from the complaint, verbatim:

> Immediately upon arrival of Placement Center Franklin Women's Shelter Bronx
> misgendering me and inappropriately disclosing personal information to
> nonclinical staff employees working, causing prejudices, discrimination and
> violence by shelter staff and clients. Additionally, failure to deal with a sexual
> assault because of personal feelings in situation, but I was sexually assaulted by
> client in Winn West, and situation was immediately swept under rug, or as to say I
> was told by director that I should understand because I was born male. After
> initial situation more transgender clients were being assaulted by cisgender female
> client and slandered with prejudice names and I tried to help with disclosing
> actual facts but was pushed out of shelter with an unwarranted transfer to a[n]
> undisclosed apt.

(ECF No. 2, at 5-6.) Plaintiff was "warned" that if she refused the transfer, she would be

transferred to a "bad location," that is, a "DHS shelter where amenities such as social work care,

paperwork, medical treatment and safety would be neglected." (*Id.* at 6.) Moreover, an unnamed

"Director said that [Plaintiff] may be transferred to another location called 'Stadium in Bronx.'"

(*Id.*) Plaintiff found that "the more [she] spoke up the more [she] received violent threats by

clients." (*Id.*)

On an unidentified date, Plaintiff "was placed within a program, misgendered," which she

asserts violated her rights under HIPAA. She was "misdiagnosed, placed in a crack building of

high drug and prostitution traffic . . . [and] placed in [a] program based out of gender

discrimination without [her] consent." (*Id.* at 7.) Plaintiff was "placed with a violent male

roommate who identified as gay male." (*Id.*) On an unspecified date at an unspecified location,

this new roommate plus two additional males "physically attacked . . . [and] sexually assaulted"

Plaintiff. (*Id.*) These three individuals, along with "additional males . . . damaged [Plaintiff's]

apartment, consistently threatened [her] daily to hurt and kill [her, while] company disregarded."

(*Id.*)

Defendants St. Vincent and OMH "continued to ignore complaints from initial complaint after being attacked after echo cardiogram stress test for heart and threatened with homelessness." (*Id.* at 8.)

## DISCUSSION

**A.    Claims that are dismissed for failure to state a claim**

1.    ADA and RA claims[1]

Plaintiff states that Defendants discriminated against her based on her gender identity. To the extent Plaintiff asserts that she suffers from a disability related to her gender, the ADA specifically excludes "gender identity disorder" from classification as a disability.[2] *See* 42 U.S.C. § 12211(b). Plaintiff does not allege any other facts suggesting that she has a disability that would entitle her to protection under the ADA or RA. Because Plaintiff fails to state a claim under the ADA or the RA, the Court dismisses all claims arising under these statutes.

2.    Title VI

Title VI prohibits intentional discrimination on the ground of race, color, or national origin in "any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d; *see Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001); *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001). The proper defendant in a Title VI claim is "the entity that receives federal funding," *TC v. Valley Cent. School Dist.*, 777 F. Supp. 2d 577, 593 (S.D.N.Y. 2011) (citation

---

[1] Courts generally treat ADA and RA claims identically. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

[2] The New York State Human Rights Law protects against discrimination from individuals with gender identity disorder. *See, e.g.*, *Wilson v. Phoenix House*, 42 Misc. 3d 677, 699 (N.Y. Sup. Ct. 2013).

omitted), but Title VI "does not provide for individual liability," *Verdi v. City of New York*, 305 F. Supp. 3d 532, 542 (S.D.N.Y. 2018).

Plaintiff fails to state a claim under Title VI because she does not allege any facts suggesting that any defendant that receives federal funding intentionally discriminated against her on account of her race, color, or national origin. Thus, the Court dismisses Plaintiff's claims brought under Title VI.

3.      HIPAA

Plaintiff alleges that Defendants violated her rights under HIPAA and the privacy rules enacted under that statute. But Plaintiff's HIPAA claims must be dismissed because there is no private right of action under that statute or the privacy rules. *See Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d Cir. 2015) (summary order) (noting that "[i]t is doubtful that HIPAA provides a private cause of action at all"); *Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases for the proposition that "HIPAA does not provide for either an express or implied private right of action."). Only the Secretary of Health and Human Services or other government authorities may bring a HIPAA enforcement action. *See* 42 U.S.C. § 300gg-22; *Mascetti v. Zozulin*, No. 09-CV-0963 (PCD), 2010 WL 1644572, at *4 (D. Conn. Apr. 20, 2010) ("Enforcement of [HIPAA] and its regulations is limited to the Secretary of Health and Human Services; thus, there is no private right of action.").

For these reasons, the Court dismisses Plaintiff's claims under HIPAA.

4.      42 U.S.C. § 1983: Government Actors

Because Plaintiff brings claims against government actors, the Court construes the complaint as asserting a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was

violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

There is no constitutional right to a well-run shelter system. *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (holding that there is no "constitutional guarantee of access to dwellings of a particular quality"). And the government has no "obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) (quoting *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624 (RJD), 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009)).

Moreover, under both federal and New York State law, shelter residents do not have a constitutionally protected property right to placement in a particular type of shelter. *See Lindsey*, 405 U.S. at 74 ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality. . . [a]bsent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New York City Dept. of Homeless Services*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) ("The Plaintiff has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law").

Finally, the violation of state law, without more, does not give rise to a claim under § 1983. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984) (an official's violation of a state statute or regulation does not, by itself, make the official liable under § 1983); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983.").

Plaintiff fails to state a claim under § 1983 because she does not have a constitutional right to adequate housing in the shelter system. Whatever complaints she lodged with the various

New York City agencies concerning the operation of the shelter system, the United States

Constitution does not govern the processing of those complaints. Moreover, if Plaintiff contends

that government actors failed to ensure that WIN and St. Vincent complied with New York State

and City laws, this alleged failure does not amount to a violation of the United States

Constitution. *Davis*, 468 U.S. at 195. Plaintiff therefore fails to state a claim under § 1983

against the defendants who are government actors, and the Court dismisses the following

defendants from the complaint: Brenda Barrett, DHS, OMH, and HRA.[3]

> 5.        42 U.S.C. § 1983: Private Defendants

"Because the United States Constitution regulates only the Government, not private

parties, a litigant claiming that his constitutional rights have been violated must first establish

that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396

F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life

Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his

constitutional rights under § 1983 is thus required to show state action.").

The activity of a private entity can be attributed to the state in three situations: (1) the

entity acts using the coercive power of the state or is controlled by the state (the "compulsion

test"); (2) the entity willfully participates in joint activity with state or its functions are entwined

with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public

function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d

Cir. 2012). The fundamental question under each test is whether the private entity's challenged

---

[3] The New York City agencies Plaintiff sues are not proper defendants because a City agency is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of § 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a public function because it is not the exclusive province of the state. *See, e.g., George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

Plaintiff brings § 1983 claims against the WIN and St. Vincent defendants, but she does not assert facts suggesting that their actions are attributable to the City of New York. For this reason, Plaintiff does not state a claim under § 1983 against these defendants.

**B.      The Court grants Plaintiff leave to amend her FHA claims**

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, national origin," or disability. 42 U.S.C.§ 3604(b), (f). Some courts have concluded that sex discrimination includes discrimination against individuals based on their nonconforming genders. *See, e.g.*, *Fabian v. Hosp. of Cent. Connecticut*, 172 F. Supp. 3d 509, 524 (D. Conn. 2016) (collecting court of appeals' decision in Title VII context holding that "discrimination on the basis of transgender identity is now recognized as discrimination 'because of sex'"); *Kaeo-Tomaselli v. Pi'ikoi Recovery House for Women*, No. 11-CV-0670, 2011 WL 5572603, at *3 (D. Haw. Nov. 16, 2011)

(at the pleading stage, district court concluded that plaintiff who asserted housing discrimination based on her having a "sex change," stated an FHA claim).

Amendments to the FHA, known as the FHAA, "extended the FHA's principle of equal opportunity in housing to individuals with handicaps" and disabilities. *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 252 (S.D.N.Y. 2014) (internal quotation marks omitted). "Among the discriminatory practices prohibited by the FHAA is a refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford [the handicapped individual] an equal opportunity to use and enjoy a dwelling." *Id.* (internal quotation marks and citation omitted; alteration in original).

Here, Plaintiff asserts that Defendants failed to place her in housing that accommodated her gender identity; she does not assert that Defendants discriminated against her *because of* her gender identity. Moreover, for Plaintiff to seek relief under the FHAA, she must assert that Defendants failed to accommodate her disability. As Plaintiff has not stated that she suffers from any disability, she fails to state a claim under the FHAA.

In light of Plaintiff's *pro se* status, the Court grants her leave to amend her complaint to state facts in support of a claim under the FHA and the FHAA. If Plaintiff contends that Defendants discriminated against her because of her gender identity, she must state facts in support of this assertion. If she contends that Defendants failed to accommodate her disability, she must state facts describing her disability, explaining why she requires an accommodation because of her disability, and asserting how Defendants failed to accommodate her disability.

## C.   Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

If the Court dismisses the federal claims over which the Court has original jurisdiction,

the Court may decline to exercise its supplemental jurisdiction over any state-law claims Plaintiff

may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of*

*Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Should Plaintiff choose to file her

state-law claims in state court, she should notify this Court of any such filing.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her FHA and FHAA claims. In

the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts

supporting each claim against each defendant named in the amended complaint. Plaintiff is also

directed to provide the addresses for any named defendants. To the greatest extent possible,

Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2006 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has consented to electronic service. In light of the current global health crisis, Plaintiff is encouraged to *submit* all future filings by email to:

Temporary_Pro_Se_Filing@nysd.uscourts.gov.

For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

SO ORDERED.

Dated:   April 20, 2020
         New York, New York

                                   _Louis L. Stanton_
                                       Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____ Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial            Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                         Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                 Zip Code

Defendant 2:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                 Zip Code

Defendant 3:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                 Zip Code

Defendant 4: _____

     First Name                        Last Name

_____

     Current Job Title (or other identifying information)

_____

     Current Work Address (or other address where defendant may be served)

_____

     County, City                State           Zip Code

## III.  STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.